# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

Steve Anderson, William Boyce, Lori Evers, and Paul Harwood,

    Plaintiffs,

v.

First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions,

    Defendants.

Civil Action No.: _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For this Complaint, the Plaintiffs, Steve Anderson, William Boyce, Lori Evers, and Paul Harwood, by undersigned counsel, state as follows:

## INTRODUCTION

1. Plaintiffs, Steve Anderson, William Boyce, Lori Evers, and Paul Harwood (collectively "Plaintiffs"), bring this action for damages resulting from the illegal actions of First Choice Payment Solutions G.P., d/b/a Sekure Merchant Solutions ("Sekure" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiffs' cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Plaintiffs are each consumers who were on the receiving end of Sekure's telemarketing campaign. None of the plaintiffs have ever had any business relationship with Sekure or otherwise provided Sekure with permission to call their cellular telephones, yet they each have been bombarded with automated telemarketing calls from Sekure.

## JURISDICTION

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 751-53 (2012).

4. Sekure regularly engages in business in this District, including making the telemarketing calls that form the basis of Plaintiffs' claims, into this District.

5. Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District in that Sekure's automated calls to the Plaintiffs were made into this District.

## PARTIES

6. Plaintiff Steve Anderson ("Anderson") is, and at all times mentioned herein was, an adult individual residing in Rice Lake, Wisconsin.

7. Plaintiff William Boyce ("Boyce") is, and at all times mentioned herein was, an adult individual residing in Franksville, Wisconsin.

8. Plaintiff Lori Evers ("Evers") is, and at all times mentioned herein was, an adult individual residing in Little Shute, Wisconsin.

9. Plaintiff Paul Harwood ("Harwood") is, and at all times mentioned herein was, an adult individual residing in New London, Wisconsin.

10. Defendant First Choice Payment Solutions G.P. is a Québec general partnership doing business as Sekure Merchant Solutions. Sekure's principal place of business is located at 333-1000 Rue Saint-Antoine O, Montréal, QC H3C 3R7, Canada, but it maintains locations in the United States, including at 1501 Broadway, 12th Floor, New York, New York, 10036. Sekure engages in telemarketing directed into the United States nationwide, including specifically into this District.

11. None of the Plaintiffs ever had a business relationship with Sekure and never consented to be contacted by Sekure on their cellular telephones.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

12. The TCPA regulates, among other things, the use of automated telephone dialing systems.

13. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.

14. 47 U.S.C. § 227(b)(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called.

## FACTS

15. Sekure is a telemarketing company that provides payment processing services. In order to promote its services, Sekure operates an aggressive contact schedule which bombards unsuspecting consumers, with whom it has no relationship, with robocalls and prerecorded messages.

16. Sekure has repeatedly placed telemarketing calls using an automatic telephone dialing system to Plaintiffs' cellular telephones.

17. Specifically, Sekure called Plaintiff Anderson at cellular telephone number 715-xxx-1641; Plaintiff Boyce at cellular telephone number 414-xxx-6332; Plaintiff Evers at cellular telephone number 920-xxx-2174, and Plaintiff Harwood at cellular telephone number 920-xxx-0227.

18. Each of the Plaintiffs' number were and are assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. Sekure called the Plaintiffs with the Five9 cloud-based predictive dialer. *See* https://www.five9.com/products (Five9 touts its "selection of automatic dialing modes.") (last visited May 17, 2019).

20. Sekure inserted each of the Plaintiffs' telephone numbers into the Five9 dialer to further its telemarketing efforts and attempt to sell its payment processing services.

21. Once Plaintiffs' telephone numbers were stored within the Five9 dialer, the dialer then dialed Plaintiffs' cellular telephones without any human intervention.

22. At all times mentioned herein, Sekure called Plaintiffs' cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1). When Plaintiffs answered calls from Sekure, they were often met with a period of silence before being connected with a live representative. This is indicative of Sekure's use of a "predictive dialer."

23. The Federal Communications Commission has defined ATDS under the TCPA to include "predictive dialers." *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 12, 2008 WL 65485 (F.C.C.) (2008).

24. In addition, upon information and belief the hardware and software combination utilized by Sekure has the capacity to store and dial sequentially generated numbers, randomly generated numbers or numbers from a database of numbers.

25. Sekure did not have any of the Plaintiffs' prior express written consent to place automated telemarketing calls to Plaintiffs on their cellular telephones.

4

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

26. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporates them herein by reference.

27. Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

28. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

29. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

30. Plaintiffs repeat and reallege the above paragraphs of this Complaint and incorporates them herein by reference.

31. Defendant knowingly and/or willfully placed multiple automated telemarketing calls to cellular numbers belonging to Plaintiffs without their prior express written consent.

32. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

33. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 17, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lembeg, Esq.
CT Bar No.: 425027
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiffs*